**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

**SPENCER MARTIN**

        **Plaintiff,**

**v.**

**HOLT COUNTY, MISSOURI**
Serve:
County Clerk
102 W Nodaway St
Oregon MO 64473

**and**

**CITY OF MOUND CITY, MISSOURI**
Serve:
Mayor Duane Nauman
205 E. 6th Street
Mound City, MO 64470

**and**

**CHIEF OF POLICE JOHN PANNING,**
**individually and in his official capacity**
Serve:
Mayor Duane Nauman
205 E. 6th Street
Mound City, MO 64470

**POLICE OFFICER JOHN BROOK,**
**individually**
Serve:
Mayor Duane Nauman
205 E. 6th Street
Mound City, MO 64470

**SHERIFF STEVE PORTMAN, individually**
**and in his official capacity**
Serve:
County Clerk
102 W Nodaway St
Oregon MO 64473

**Case No. _____**

1

**SERGEANT JON BLACK, individually**
Serve:
County Clerk
102 W Nodaway St
Oregon MO 64473

       **Defendants.**

## COMPLAINT

COMES NOW Plaintiff Spencer Martin, by and through counsel, and for his Complaint against the above captioned Defendants, hereby states and alleges as follows:

### NATURE OF THIS ACTION

1.     This matter is an action for legal and equitable relief to redress the deprivation of Plaintiff's constitutional rights by the named Defendants, under the Fourth and Fourteenth Amendments of the United States of America, pursuant to 42 U.S.C. § 1983, in addition to violations of Missouri state law.

2.     On April 15, 2022, in Mound City, Missouri, Plaintiff Spencer Martin, was casually walking to his father's home in Mound City, Missouri, when he was unexpectedly approached and stopped by Defendant Sergeant Jon Black of the Holt County Sheriff's Office, without probable cause or the existence of an active arrest warrant.

3.     As he approached, Defendant Sergeant Jon Black yelled at Spencer Martin that he was under arrest, immediately and inexplicably tased Spencer Martin three times, tackled, forcibly restrained, choked, punched, arrested, and incarcerated him. At the time of his arrest, Spencer Martin was unarmed and helpless.

4.     At all times pertinent hereto, Defendants and their agents, employees, and representatives, were acting in their individual capacity and also as agents of Defendant municipality or county within the course and scope of their employment and authority in furtherance of the interests of

Defendant municipality or county. All the acts and omissions of the employees of Defendant municipality and county are imputed to their employer who is liable for such acts and omissions.

## PARTIES

5.    Plaintiff Spencer Martin is a 19-year-old individual resident of Mound City, Missouri.

6.    Defendant Holt County, Missouri ("Holt County") is a governmental entity operating under the Laws of the State of Missouri, and can be served at County Clerk, 102 W Nodaway St., Oregon, Missouri 64473.

7.    At all times pertinent hereto, all employees and agents of Defendant Holt County were acting in their individual capacity, and as agents of Defendant Holt County within the course and scope of their employment and authority in furtherance of the interests of Defendant Holt County. All the acts and omissions of the employees of Defendant Holt County are imputed to their employer who is liable for such acts, omissions, policies, procedures, practices, and customs.

8.    Defendant City of Mound City, Missouri, ("Mound City") is a municipality in Holt County, Missouri and can be served at Duane Nauman, Mayor, City Hall, 205 E. 6th Street, Mound City, Missouri 64470. The Mound City Police Department ("MCPD") is an agency of the City of Mound City, Missouri.

9.    At all times pertinent hereto, all employees and agents of Defendant Mound City were acting in their individual capacity, and as agents of Defendant Mound City within the course and scope of their employment and authority in furtherance of the interests of Defendant Mound City. All the acts and omissions of the employees of Defendant Mound City are imputed to their employer who is liable for such acts, omissions, policies, procedures, practices, and customs.

10.    Defendant John Panning ("Panning") was, at all times pertinent hereto, the Chief of Police for the Mound City Police Department ("MCPD") and an employee for Defendant Mound City.

At all times pertinent hereto, Chief Panning held the highest position in the MCPD and is/was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all MCPD employees and/or agents and was acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of Defendant Mound City and the State of Missouri. He is sued in his official and individual capacity and may be served at City Hall, 205 E. 6th Street, Mound City, Missouri 64470.

11.    Defendant John Brook was, at all times pertinent hereto, a duly appointed and active police officer of the Mound City Police Department acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of Defendant Mound City and the State of Missouri. Upon information and belief, he is entitled to indemnification under statute and by contract. He is sued in his individual capacity and may be served at City Hall, 205 E. 6th Street, Mound City, Missouri 64470.

12.    Defendant Steve Portman ("Portman") was, at all times pertinent hereto, the Sheriff for the Holt County Sheriff's Office ("HCSO") and an employee for Defendant Holt County. At all times pertinent hereto, Sheriff Portman held the highest position in the HCSO and is/was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all HCSO employees and/or agents and was acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of Defendant Holt County and the State of Missouri. He is sued in his official and individual capacity and may be served at County Clerk, 102 W Nodaway St., Oregon, Missouri 64473.

13.    Defendant Jon Black was, at all times pertinent hereto, a duly appointed and active sergeant of Defendant Holt County acting within the scope of his employment and under color of law pursuant to statutes, ordinances, regulations, policies, customs, and usage of Defendant Holt

4

County and the State of Missouri. He is sued in his individual capacity and may be served at County Clerk, 102 W Nodaway St., Oregon, Missouri 64473.

## JURISDICTION AND VENUE

14.     This action is brought under 42 U.S.C. § 1983 and state law to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

15.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b), (c), and the wrongful acts and conduct giving rise to the claims asserted herein all occurred within the Western District of Missouri.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

17.     On or about April 15, 2022, Plaintiff's father was driving the truck he owns, at or around 3:30 p.m., which vehicle is often driven by Plaintiff as well.

18.     As Plaintiff's father was driving home, he noticed Defendant Brook in his police vehicle, parked in a parking lot near his home.

19.     Plaintiff's father then noticed Defendant Brook drive up behind him a few blocks down the road.

20.     As Plaintiff's father neared his home, he was stopped at the stop sign and preparing to pull into his driveway when Defendant Brook turned on his patrol lights and sirens.

21.     Plaintiff's father stopped his vehicle in front of his home, shut off the vehicle and exited as Defendant Brook was exiting his patrol vehicle.

22.     Plaintiff's father asked why he was being stopped and Defendant Brook responded, "Uhh…I thought you were Spencer."

23.     At that point, Defendant Panning also arrived at the scene.

5

24.     Plaintiff's father informed both Defendant Brook and Defendant Panning that he is the registered owner of the truck and allows Plaintiff to drive the vehicle, which is information that is already known to them.

25.     Defendant Panning then reiterated that they thought it was Spencer operating the vehicle.

26.     Plaintiff's father asserted that he considered that to be harassment, as Defendant Brook turned on his lights and stopped him for no reason other than because he believed Plaintiff to be driving.

27.     Defendant Brook and Defendant Panning proceeded to leave the scene.

28.     Plaintiff's father then exited the vehicle and walked into his yard, where he was joined by his friends and other family members.

29.     On the same date and time, Plaintiff left his home and started walking to his father's home on the next block.

30.      Once Plaintiff arrived at his father's home, he joined his father, his father's friends and their two young children on the front lawn to hang out.

31.     As Plaintiff was enjoying his time with family, Defendant Black drove up in his patrol car, exited rapidly and  stated, "Spencer you're under arrest."

32.     Shocked and confused, Plaintiff did not know why he was being arrested and he did not move.

33.     A friend of Plaintiff's father asked why he was under arrest, and without provocation Defendant Black commanded "Get back!", pulled the Taser from his vest and tased Plaintiff in his chest, without warning or threat of immediate harm and while Plaintiff was still standing in a confused state.

34.     Plaintiff was standing so close to the two younger children, their parents had to physically shove the children out of the way, so they were not also struck by the Taser.

35.      As the Taser appeared to have no effect on Plaintiff, Defendant Black tased Plaintiff two additional times in his chest.

36.     At the time of the attack, Plaintiff was unarmed and never threatened or posed a threat to Defendant Black.

37.     At the time of the attack, Plaintiff at no point resisted the arrest, or made any type of threatening statements or movements.

38.     Plaintiff, still in shock and at this point fearing for his life, could not understand why he was being attacked and still was not told why he was under arrest.

39.     Defendant Black then rushed Plaintiff from the front, forcibly tackled him and knocked him to the ground.

40.     Defendant Black proceeded to place a chokehold on Plaintiff, causing him to experience difficulty breathing, as he punched Plaintiff in the face multiple times.

41.     Soon after Defendant Black choked and punch Plaintiff, Defendant Brook arrived on scene to assist Defendant Black, followed shortly thereafter by Defendant Panning.

42.     Defendant Brook forcibly restrained Plaintiff on the ground, while Plaintiff was placed in handcuffs.

43.     Plaintiff's father, in total disbelief, again asked why he was being arrested.

44.     Defendant Panning then declared that there was an active warrant for Plaintiff's arrest.

45.     When asked what the warrant pertained to, Defendant Panning refused to answer the question and continued assisting with Plaintiff's arrest.

46.     At no point did Defendant Brook, Panning or Portman prevent or attempt to prevent Defendant Black from the unlawful arrest of Plaintiff.

47.     With Plaintiff restrained, face swollen, and mouth bloodied, Defendant Brook moved him from the lawn and placed Plaintiff in the back of Defendant Mound City's police vehicle.

48.     Plaintiff was transported to the county jail in Oregon, Missouri, and imprisoned.

49.     At or around 8:30 p.m., after repeated pleas from Plaintiff's sister, Plaintiff was taken to Fairfax Hospital so that his injuries could be evaluated.  At that point, Plaintiff's chest and neck were feeling pain due to the marks from the Taser probes, his face was very swollen, his eye and face were bruised, and his mouth was still very bloodied.

50.     The following day, April 16, 2022, at or around 5:30 p.m., Plaintiff was released from jail with no charges having been filed and his release was unconditional, with no underlying court appearance as he was not required to post any type of bail.

51.     Plaintiff was never provided documentation related to an active warrant having been issued by a court, as he requested.

52.     Plaintiff was never provided any type of explanation for his arrest, as he requested.

53.     At the time of his release, Plaintiff had to write a statement of the events related to his arrest before he was allowed to leave the jail facility.

54.     Plaintiff has never been issued a citation or charged with any type of criminal infraction as related to his arrest and imprisonment on April 15, 2022.

55.     Upon information and belief, no underlying warrant for Plaintiff's arrest was ever issued, either before or after his arrest.

56.     On or about April 11, 2022, four days prior to Plaintiff's arrest, Plaintiff randomly received five citations in the mail, none of which pertained to the subject arrest and none of which were in active warrant status.

57.     The tickets were for the following citations:

      A.   Illegal parking (cited March 26, 2022);

      B.   Trash violation, dumped items not allowed at tree dump (cited March 26, 2022);

      C.   Littering (cited March 26, 2022);

      D.   Excessive acceleration (cited April 2, 2022); and

      E.   Operating a motor vehicle in a careless and imprudent manner (cited April 2, 2022).

58.     Despite receiving the citations in the mail on April 11, 2022, and despite the scheduled court appearances being May 17, 2022, the citations were not filed with the Court until June 9, 2022. These charges remain in active status and have not been adjudicated.

59.     The prior year, on or about August 25, 2021, Plaintiff had previously received a batch of eight citations in the mail for other ordinance violations, for which he was forced to hire an attorney for representation.

60.     The ordinance violation dates spanned from February 15, 2021, June 2, 2021, to August 9, 2021.

61.     The tickets were for the following citations:

      A.   Operating a motor vehicle in a careless and imprudent manner (cited February 15, 2021);

      B.   Eluding police officer (cited February 15, 2021);

      C.   Excessive acceleration (cited June 2, 2021);

      D.   Failure to stop at stop sign at stop line before crosswalk (cited August 9, 2021);

     E.   Failure to stop at stop sign at stop line before crosswalk (cited August 9, 2021);

     F.   Failure to stop at stop sign at stop line before crosswalk (cited August 16, 2021);

     G.   Failure to stop at stop sign at stop line before crosswalk (cited August 16, 2021);

62.     Of the seven tickets Plaintiff received in the mail, five were filed with the Court.

63.     Despite the alleged infractions occurring as early as February 15, 2021, Plaintiff was not made aware of the citations until August 25, 2021, several months later, and the citations were not filed with the Court until November 8, 2021.

64.     Within this batch of citations that Plaintiff received in the mail, two were issued for failure to stop at a stop sign at stop line before crosswalk (both cited August 8, 2021), alleging the infractions somehow occurred at the same exact time, in two different locations.

65.     Plaintiff has been receiving citations in the mail, sporadically and in bunches, without justification and at times, several months following the alleged violation.

66.     Furthermore, Plaintiff's citations have been filed with the Court several months after the alleged violation and even filed several months after Plaintiff has received the citations, leaving Plaintiff in a state of confusion and panic.

67.     Plaintiff has been targeted, harassed, and bullied by the display of authority from Defendants, which has been allowed and has gone unchecked.

68.     As a direct and proximate result, Plaintiff sustained substantial damages as described herein.

## *FEDERAL CAUSES OF ACTION*

## COUNT I – DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW
### (v. All Defendants)

69.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

70.     Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Plaintiff is a citizen of the United States.

71.     Defendants, acting individually and collectively, and within the scope of their employment, knowingly deprived Plaintiff of his clearly established constitutional right to due process of law by falsely declaring that he had an active warrant for his arrest.

72.     Defendants, acting individually and collectively, and within the scope of their employment, knowingly deprived Plaintiff of his clearly established constitutional right to due process of law by arresting Plaintiff without the existence of probable cause, upon which a reasonable and prudent person could deem in the totality of the circumstances.

73.     At all relevant times, Defendants were acting under the color of state law, intentionally and with disregard for Plaintiff's clearly established constitutional rights.

74.     Defendants knew, or should have known, that their conduct would result in Plaintiff's wrongful arrest and incarceration.

75.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained significant losses and damages, as follows:

    A.  significant facial injury;

    B.  significant head injury;

    C.  significant chest injury;

    D.  emotional pain and suffering;

11

E.   insult;

F.   mental distress;

G.   anxiety; and

H.   inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT II – EXCESSIVE FORCE
### (v. Defendant Brook)

76.   Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

77.   42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..

78.   Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Plaintiff is a citizen of the United States.

79.   Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Defendants are persons.

80.   At all relevant times, Defendant was acting under the color of state law in their capacity as law enforcement officers and their acts or omissions were conducted within the scope of their official duties or employment.

81.   Defendant is not entitled to qualified immunity for the conduct complained herein.

12

82. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

83. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

84. Any reasonable law enforcement officer knew or should have known of these rights at the time of the conduct complained of herein, as Plaintiff's rights were clearly established at that time.

85. Defendant's actions and use of force, as described herein, were objectively unreasonable considering the surrounding facts and circumstances, and violated Plaintiff's Fourth Amendment rights.

86. Defendant's actions and use of force were malicious, reckless, callous, and constitute a deliberate indifference to Plaintiff's constitutional rights.

87. Defendant unlawfully seized Plaintiff by means of objectively unreasonable, excessive, and outrageous physical force, thereby violating the Fourteenth Amendment rights of Plaintiff and depriving him of his freedom.

88. Defendant's conduct was intentionally extreme and outrageous, and with conscious awareness that Defendant would cause Plaintiff severe emotional and physical injuries.

89. At all relevant times, Plaintiff at no point posed a threat or threatened immediate bodily harm or injury to Defendant, any other law enforcement officer, or other persons.

90. At all relevant times, Defendant was acting pursuant to municipal custom, policy, decision, ordinance, regulation, or practice as related to the subject arrest and use of force against Plaintiff.

91. Despite being told that there was an active warrant for Plaintiff's arrest, being tased three times, tackled, forcibly restrained, choked, punched, arrested, and incarcerated, Plaintiff was never charged with a crime following the subject arrest.

92. Plaintiff has never been provided any information related to an alleged warrant for his arrest, including information regarding the crime charged.

93. As a direct and proximate result of Defendant's unreasonable use of excessive force, Plaintiff sustained significant losses and damages, as follows:

      A. significant facial injury;

      B. significant head injury;

      C. significant chest injury;

      D. emotional pain and suffering;

      E. insult;

      F. humiliation and

      G. mental distress.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT III – 42 U.S.C. § 1983 FAILURE TO INTERVENE
**(v. Defendants Panning, Brook, Portman)**

94. Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

95. By their conduct and under color of state law, Defendants, acting within the scope of their employment, had opportunities to intervene on behalf of Plaintiff, to prevent his deprivation of liberty without due process of law, but declined to do so with deliberate indifference.

96.     Defendants' failures to intervene violated Plaintiff's established constitutional right not to be deprived of liberty without due process, as assured by the Fourth and Fourteenth Amendment.

97.     At all relevant times, no reasonable law enforcement official would have believed that the actions of failing to intervene to prevent Defendants from harassing Plaintiff or falsely declaring that Plaintiff had an active warrant for his arrest or causing Plaintiff to be physically assaulted and arrested without probable cause, were lawful.

98.     Defendants knew or should have known, that their conduct would result in Plaintiff's deprivation of liberty, wrongful arrest, and incarceration.

99.     Despite being told that there was an active warrant for Plaintiff's arrest, being tased three times, tackled, forcibly restrained, choked, punched, arrested, and incarcerated, Plaintiff was never charged with a crime following the subject arrest.

100.    Plaintiff has never been provided any information related to an alleged warrant for his arrest, including information regarding the crime charged.

101.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained significant losses and damages, as follows:

> A.  significant facial injury;
>
> B.  significant head injury;
>
> C.  significant chest injury;
>
> D.  emotional pain and suffering;
>
> E.  insult;
>
> F.  mental distress;
>
> G.  anxiety; and
>
> H.  inconvenience.

15

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT IV – 42 U.S.C. § 1983 FAILURE TO TRAIN AND SUPERVISE
### (v. Defendants Mound City, Holt County, Panning and Portman)

102.    Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

103.    42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..

104.    Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Plaintiff is a citizen of the United States.

105.    Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Defendants are persons.

106.    At all relevant times, Defendants were acting under the color of state law.

107.    Defendants are not entitled to qualified immunity for the conduct complained herein.

108.    Plaintiff had a clearly established right at the time of the complained of conduct, including the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment, the right to bodily integrity and the right to be free from excessive force by law enforcement under the Fourteenth Amendment.

109.    Defendants knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

16

110. The acts or omissions of these Defendants intentionally deprived Plaintiff of his constitutional and statutory rights, causing him to suffer severe emotional and physical damages.

111. Given the nature of being law enforcement officers, and the duties and responsibilities that accompany said positions, such as the requirement to arrest fleeing felons, Defendants as policymakers, know to a moral certainty that its law enforcement officers are responsible for executing arrest warrants, which is why Defendants armed said law enforcement officers with firearms and Tasers. The need for specific training and supervision, is so obvious, in which Defendants shall train its law enforcement officers in the constitutional limitations on the use of deadly force.

112. Defendants' failure to adequately train and/or supervise its law enforcement officers displays a deliberate indifference to Plaintiff's constitutional rights.

113. Defendant's failure to adequately train and/or supervise violated Plaintiff's clearly established constitutional rights to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment and the right to bodily integrity and the right to be free from excessive force by law enforcement under the Fourteenth Amendment.

114. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained significant losses and damages, as follows:

      A. significant facial injury;

      B. significant head injury;

      C. significant chest injury;

      D. emotional pain and suffering;

      E. insult;

      F. mental distress;

17

G.  anxiety; and

H.  inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT V – 42 U.S.C. § 1983 SUPERVISORY LIABILTY CLAIM
### (v. Defendants Panning, Portman)

115.  Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

116.  Defendants Black and Brook, acted with impunity in an environment in which they were not adequately trained, supervised, or disciplined by Defendant Panning and Defendant Portman, in their capacity as supervisors as a matter of practice.

117.  Defendant Panning and Defendant Portman, in their capacity as supervisors, acted with gross negligence, recklessness, and/or deliberate indifference to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of the Defendants Black and Brook, and thereby caused them to deprive Plaintiff of his clearly established constitutional rights, including his rights to be free from false imprisonment and deprivation of liberty without due process of law.

118.  Had Defendants Mound City, Holt County, Panning and Portman, not provided grossly inadequate training, supervision and discipline of Defendant Black and Defendant Brook, said Defendants would not have intentionally and falsely claimed that Plaintiff had an active warrant

for his arrest, tased Plaintiff three times, tackled, forcibly restrained, choked, punched Plaintiff in the face multiple times, and maliciously caused Plaintiff to be arrested without probable cause.

119.    Defendant Panning and Defendant Portman, supervisors, were directly involved in the investigation of Plaintiff and directly supervised the specific acts taken by Defendant Black and Defendant Brook, in furtherance of the probe of Plaintiff.

120.    The grossly negligent, reckless, and/or deliberately indifferent conduct of Defendant Panning and Defendant Portman, supervisors, all under color of state law violated their duty, which were undoubtedly established in their capacity, to supervise Defendant Black and Defendant Brook. No reasonable police supervisor in this circumstance would have believed that grossly negligent, reckless, and/or deliberately indifferent supervision in the face of actual or constructive notice of misconduct by their subordinate law enforcement officers was lawful.

121.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained significant losses and damages, as follows:

A.  significant facial injury;

B.  significant head injury;

C.  significant chest injury;

D.  emotional pain and suffering;

E.  insult;

F.  mental distress;

G.  anxiety; and

H.  inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (v. Defendants Mound City, Holt County)

122.    Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

123.    Defendants' agents, employees, and representatives, acting within the course and scope of their employment, knowingly and intentionally intended to cause emotional distress, or should have known their actions of intentionally and falsely claiming Plaintiff had an active warrant for his arrest, would result in serious emotional distress to Plaintiff, and Defendants' actions extend beyond the bounds of civility.

124.    Plaintiff did not have an active warrant for his arrest, and probable cause did not exist for Plaintiff to be seized by the arresting officer, thus the actions and conduct of Defendants and Defendants' agents, employees and representatives were extreme and outrageous.

125.    At all relevant times that Defendants' agents, employees, and representatives deliberately violated Plaintiff's constitutional rights, falsely proclaimed that Plaintiff had an active warrant for his arrest, and directly and proximately caused Plaintiff to be falsely arrested.

126.    Defendants are liable for the actions of Defendants' employee under a theory of *respondeat superior* and the rules of agency, in furtherance of Defendants' interests.

127.    The actions and conduct of Defendants' agents, employees, and representatives displayed an intentional indifference or conscious disregard for the rights of Plaintiff.

20

128.    The actions and conduct of Defendants proximately caused Plaintiff to suffer severe mental and emotional distress, including depression, grief, anguish, and anger.

129.    The actions and conduct of Defendants were for the purpose of causing Plaintiff severe emotional distress, so as to affect Plaintiff's mental state.

130.    Despite being told that there was an active warrant for Plaintiff's arrest, being tased three times, tackled, forcibly restrained, choked, punched, arrested, and incarcerated, Plaintiff was never charged with a crime following the subject arrest.

131.    Plaintiff has never been provided any information related to an alleged warrant for his arrest, including information regarding the crime charged.

132.    Plaintiff has been damaged as a direct and proximate result of Defendants' actions. Plaintiff has suffered injuries including, but not limited to:

      A.  significant facial injury;

      B.  significant head injury;

      C.  significant chest injury;

      D.  emotional pain and suffering;

      E.  insult;

      F.  mental distress;

      G.  anxiety; and

      H.  inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendants granting such relief as is appropriate, including compensatory damages as are fair and reasonable, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

## *STATE LAW CLAIMS*

## COUNT VII – ASSAULT
### (v. Defendants Black, Brook)

133.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

134.     Sergeant Black struck Plaintiff with his Taser three times, and tackled, forcibly restrained, choked, and punched Plaintiff in the face multiple times, causing Plaintiff to suffer physical and emotional injuries.

135.     As Sergeant Black was attacking Plaintiff, he did not have a reasonably objective belief that Plaintiff:

  A.   was engaged in, or about to engage in, any illegal activity;

  B.   was obstructing, or about to obstruct, law enforcement officers in the legitimate performance of their duties; or

  C.   posed an imminent threat to Defendant Black or any other persons.

136.     When Defendant Black tased Plaintiff three times, jumped on his back, knocked him to the ground, placed him in a chokehold, punched him numerous times in the face, and forcibly restrained him with Defendant Brook, they did so willingly and intentionally.

137.     At all times material hereto, Defendant Black was an employee or agent of Defendant Holt County, acting within the scope and course of his employment or agency.

138.     At all times material hereto, Defendant Brook was an employee or agent of Defendant Mound City, acting within the scope and course of his employment or agency.

139.     Plaintiff continues to suffer physically and emotionally from the injuries he sustained from the actions of Defendants.

140.     As a direct and proximate result of Defendants' actions, Plaintiff sustained significant losses and damages, as follows:

    A.  significant facial injury;

    B.  significant head injury;

    C.  significant chest injury;

    D.  emotional pain and suffering;

    E.  insult;

    F.  mental distress;

    G.  anxiety; and

    H.  inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages as are fair and reasonable, together with the costs of this action; and for such further relief as the Court deems just and proper.

## <u>COUNT VIII – BATTERY</u>
### (v. Defendants Black, Brook)

141.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

142.     Sergeant Black struck Plaintiff with his Taser three times, and tackled, forcibly restrained, choked, and punched Plaintiff in the face multiple times, causing Plaintiff to suffer physical and emotional injuries.

143.     As Sergeant Black was attacking Plaintiff, he did not have a reasonably objective belief that Plaintiff:

    A.  was engaged in, or about to engage in, any illegal activity;

23

B. was obstructing, or about to obstruct, law enforcement officers in the legitimate performance of their duties; or

C. posed an imminent threat to Defendant Black or any other persons.

144. When Defendant Black tased Plaintiff three times, jumped on his back, knocked him to the ground, placed him in a chokehold, punched him numerous times in the face, and forcibly restrained him with Defendant Brook, they did so willingly and intentionally.

145. At all times material hereto, Defendant Black was an employee or agent of Defendant Holt County, acting within the scope and course of his employment or agency.

146. At all times material hereto, Defendant Brook was an employee or agent of Defendant Mound City, acting within the scope and course of his employment or agency.

147. Plaintiff continues to suffer physically and emotionally from the injuries he sustained from the actions of Defendants.

148. As a direct and proximate result of Defendants' actions, Plaintiff sustained significant losses and damages, as follows:

A. significant facial injury;

B. significant head injury;

C. significant chest injury;

D. emotional pain and suffering;

E. insult;

F. mental distress;

G. anxiety; and

H. inconvenience.

24

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages as are fair and reasonable, together with the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT IX – FALSE IMPRISONMENT
### (v. All Defendants)

149.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

150.     On or about April 15, 2022, Defendants caused the wrongful arrest of Plaintiff.

151.     Plaintiff was detained, taken to jail and was not free to leave, despite there being no active warrants for his arrest and no probable cause for his arrest.

152.     Defendants confined Plaintiff, without legal justification.

153.     Defendants directly procured, aided, abetted and/or assisted in the unlawful imprisonment of Plaintiff.

154.     Despite having no active warrants for his arrest, Plaintiff was intentionally deceived and told by Defendants that there was an active warrant for his arrest, displaying an evil motive to damage Plaintiff, and a reckless indifference, conscious disregard, and deprivation of his rights.

155.     At the time of his arrest, Defendants knew or should have known that Plaintiff's arrest was illegal, and that Defendants did not have a legal right to imprison Plaintiff.

156.     Despite being told that there was an active warrant for Plaintiff's arrest, being tased three times, tackled, forcibly restrained, choked, punched, arrested, and incarcerated, Plaintiff was never charged with a crime following the subject arrest.

157.     Plaintiff has never been provided any information related to an alleged warrant for his arrest, including information regarding the crime charged.

25

158.     Plaintiff has been damaged as a direct and proximate result of Defendants' actions. Plaintiff

has suffered injuries including, but not limited to:

   A. significant facial injury;

   B. significant head injury;

   C. significant chest injury;

   D. emotional pain and suffering;

   E. insult;

   F. mental distress;

   G. anxiety; and

   H. inconvenience.

   WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants

granting such relief as is appropriate, including statutory damages, compensatory damages as are

fair and reasonable, together with the costs of this action; and for such further relief as the Court

deems just and proper.

## COUNT X – RESPONDEAT SUPERIOR LIABLITY
### (v. Defendants Mound City, Holt County)

159.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous

paragraphs as though fully set forth herein.

160.     Defendants John Panning and John Brook were at all times material to this Complaint

employees of Defendant Mound City and acted within the scope of their employment in

committing the aforementioned misconduct.

161.      Defendants Steve Portman and Jon Black were at all times material to this Complaint

employees of Defendant Holt County and acted within the scope of their employment in

committing the aforementioned misconduct.

26

162.    Defendants' tortious conduct was undertaken while performing routine employment functions.

163.    Defendants are liable as principal for all intentional torts committed by its agents, employees, and representatives, acting within the course and scope of their employment.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages as are fair and reasonable, together with the costs of this action; and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


Respectfully submitted,

**PK LAW GROUP**

*/s/ Phillip C. Strozier*
PHILLIP C. STROZIER, MO #68803
2015 Grand Blvd.
Kansas City, MO 64108
(816) 929-8777 Phone
(816) 929-8791 Fax
pstrozier@pklawgroup.com
**ATTORNEY FOR PLAINTIFF**